ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| EDMANUEL GUERRA GUZMÁN<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrida | KLRA202400006 | *REVISIÓN ADMINISTRATIVA* procedente de la Junta de Libertad Bajo Palabra<br><br>Caso núm. 147463<br><br>Sobre: No concesión del privilegio de libertad bajo palabra |

Panel integrado por su presidenta, la jueza Ortiz Flores, el juez Rivera Torres, la jueza Rivera Pérez y el juez Campos Pérez.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 28 de febrero de 2024.

Comparece ante este tribunal apelativo el Sr. Edmanuel Guerra Guzmán (el señor Guerra Guzmán o el recurrente) mediante el recurso de *Revisión Judicial* y nos solicita que revoquemos la *Resolución* emitida por la Junta de Libertad Bajo Palabra (la Junta o la recurrida) el 28 de noviembre de 2023, notificada el 7 de diciembre siguiente. Mediante este dictamen, al recurrente se le denegó el privilegio de libertad bajo palabra.

Por los fundamentos que expondremos más adelante, se confirma la *Resolución* recurrida.

### I.

Surge del recurso presentado que el señor Guerra Guzmán se encuentra en la Institución Correccional de Bayamón 501 extinguiendo una pena de quince (15) años por violación a dos cargos de agresión sexual y dos cargos de actos lascivos contra una menor de edad.[1] El 31 de julio de 2023, la Junta celebró una *Vista*

---

[1] La Sentencia fue dictada el 25 de noviembre de 2013. Véase el Apéndice del Recurso, Anejo 7.

*de Consideración* en la cual se desfiló prueba ante el Oficial Examinador, Sr. Víctor G. Colón Cintrón. El señor Guerra Guzmán compareció mediante el sistema de videoconferencia y representado legalmente por la Lcda. Mercedes Peguero Moronta.

El 28 de noviembre de 2023, la Junta emitió la *Resolución* recurrida, en la cual realizó diecisiete (17) *Determinaciones de Hechos* y tomando en consideración todos los factores concluyó que el recurrente no cualifica, "en este momento", para beneficiarse del privilegio de libertad bajo palabra.[2] Además, determinó que este caso volverá a ser considerado para noviembre de 2024.

Inconforme, el 8 de enero de 2024 el recurrente compareció ante este foro intermedio y le señaló a la Junta la comisión de los siguientes errores:

> PRIMER ERROR: ERRÓ LA JUNTA AL DETERMINAR QUE EL RECURRENTE NO CUMPLÍA CON LOS CRITERIOS REQUERIDOS PARA BENEFICIARSE DEL PRIVILEGIO DE LIBERTAD BAJO PALABRA, INCUMPLIENDO SU OBLIGACIÓN MINISTERIAL DE CONSIDERAR LA TOTALIDAD DEL EXPEDIENTE ADMINISTRATIVO Y/O QUE LAS CONCLUSIONES A LAS QUE LLEGÓ SON IRRAZONABLES, OBSTACULIZANDO ASÍ EL PROPÓSITO REHABILITADOR DE SU LEY ORGÁNICA.
>
> SEGUNDO ERROR: ERRÓ LA JUNTA AL NO CONCEDER LIBERTAD BAJO PALABRA A LA PARTE RECURRENTE CONSIDERANDO ALEGADOS INCUMPLIMIENTOS QUE NO ESTÁN BAJO EL CONTROL DEL RECURRENTE, LO QUE CONSTITUYÓ UN ERROR DE DERECHO Y UN CLARO ABUSO DE DISCRECIÓN.

El 12 de enero de 2024, dictamos una *Resolución* concediéndole a la parte recurrida el término de treinta (30) días para expresarse. El 22 de febrero siguiente, compareció la Oficina del Procurador General mediante un *Escrito en Cumplimiento de Resolución*.[3] Así, nos damos por cumplidos y a su vez, decretamos perfeccionado el recurso de epígrafe.

---

[2] Véase el Apéndice del Recurso, Anejo 1.
[3] Acompañó *Moción solicitando se autorice presentación de escrito en exceso de páginas bajo la Regla 70 (D) del Reglamento del Tribunal de Apelaciones*.

Analizados los escritos, el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

**Revisión judicial de las decisiones administrativas**

La revisión judicial de las decisiones administrativas tiene como fin primordial limitar la discreción de las agencias y asegurarse que estas desempeñen sus funciones conforme a la ley. *García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 891-892 (2008). En el ámbito administrativo, los tribunales apelativos deben conceder una gran deferencia a las decisiones emitidas por las agencias debido a la vasta experiencia y conocimiento especializado en los asuntos que les han sido encomendados. *Asoc. Fcias. v. Caribe Specialty et al. II.*, 179 DPR 923, 940 (2010).[4]

No obstante, esta deferencia reconocida a las decisiones de las agencias administrativas habrá de ceder, solamente, cuando la misma no esté basada en evidencia sustancial, cuando la agencia erró en la aplicación de la ley y cuando su actuación resulte ser una arbitraria, irrazonable o ilegal. *The Sembler Co. v. Mun. de Carolina*, 185 DPR 800, 822 (2012). Por consiguiente, la revisión judicial de una decisión administrativa se circunscribe a analizar: (1) si el remedio concedido fue razonable; (2) si las determinaciones están sostenidas con evidencia sustancial; y (3) si erró la agencia al aplicar la ley. *Asoc. Fcias. v. Caribe Specialty et al. II, supra*, a la pág. 940.

En este ejercicio, nuestro más alto foro ha sido enfático en que las determinaciones de hechos de organismos y agencias públicas tienen a su favor una presunción de regularidad y corrección que debe ser respetada mientras la parte que las impugne no produzca suficiente evidencia para derrotarla. *Camacho Torres v. AAFET,* 168 DPR 66, 91 (2006). Quien las impugne tiene el deber insoslayable,

---

[4] Véanse, también, *Martínez v. Rosado*, 165 DPR 582, 589, (2005); *Otero v. Toyota*, 163 DPR 716, 727 (2003).

para prevalecer, de presentar ante el foro judicial la evidencia necesaria que permita, como cuestión de derecho, descartar la presunción de corrección de la determinación administrativa. El peso de la prueba descansa entonces sobre la parte que impugna la determinación administrativa. *Íd.*

Como corolario a lo anterior, la Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAUG), Ley núm. 38-2017, 3 LPRA sec. 9675, dispone que las determinaciones de hechos realizadas, por una agencia administrativa, serán sostenidas por el tribunal revisor si se encuentran respaldadas por evidencia suficiente que surja del expediente administrativo al ser considerado en su totalidad. *Pacheco v. Estancias*, 160 DPR 409, 432 (2003). De modo, que la parte afectada deberá reducir el valor de la evidencia impugnada o demostrar la existencia de otra prueba que sostenga que la actuación del ente administrativo no estuvo basada en evidencia sustancial. *Otero v. Toyota*, supra, 728 (2005). En consecuencia, nuestra función se circunscribe a considerar si la determinación de la agencia es razonable, ya que se persigue evitar que el tribunal revisor sustituya el criterio de la agencia por el suyo. *Íd.*

Por otro lado, las conclusiones de derecho son revisables en toda su extensión. Sección 4.5, Ley núm. 38-2017, *supra.* Sin embargo, ello "no implica que los tribunales revisores tienen la libertad absoluta de descartar libremente las conclusiones e interpretaciones de la agencia." *Otero v. Toyota*, supra, a la pág. 729. Cuando un tribunal llega a un resultado distinto, este debe determinar si la divergencia es a consecuencia de un ejercicio razonable y fundamentado de la discreción administrativa, ya sea por la pericia, por consideraciones de política pública o en la apreciación de la prueba. *Íd.*

En conclusión, el tribunal solo podrá sustituir el criterio de la

agencia por el propio cuando no pueda encontrar una base racional para explicar la determinación administrativa. *Hernández Álvarez v. Centro Unido*, 168 DPR 592 (2006).

**La Junta de Libertad Bajo Palabra**

Mediante la Ley núm. 118 de 22 de Julio de 1974, conocida como la *Ley de la Junta de Libertad Bajo Palabra*, (Ley núm. 118), 4 LPRA sec. 1501 *et seq.*, según enmendada, se creó la Junta de Libertad Bajo Palabra. Esta está adscrita al Departamento de Corrección y Rehabilitación, según establece su Artículo 1, 4 LPRA sec. 1501. Dicha entidad, posee autoridad para "decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico". Artículo 3 de la Ley núm. 118, 4 LPRA sec. 1503. "La libertad bajo palabra será decretada para el mejor interés de la sociedad y cuando las circunstancias presentes permitan a la Junta creer, con razonable certeza que tal medida habrá de ayudar a la rehabilitación del delincuente". *Íd.* De esta forma, se permite que una persona convicta y sentenciada a un término de reclusión cumpla la última parte de su sentencia fuera de la institución penal, "sujeto al cumplimiento de las condiciones que se impongan para conceder la libertad". *Maldonado Elías v. González Rivera*, 118 DPR 260, 275 (1987). Al conceder el privilegio de libertad bajo palabra, la Junta puede imponer las condiciones que estime necesarias. De esta forma, el liberado tiene una libertad cualificada, pues dichas condiciones restringen sus actividades más allá de las restricciones comunes que se le imponen por ley a cada ciudadano. *Benítez Nieves v. E.L.A. et al.*, 202 DPR 818, 825 (2019).

En cuanto a la controversia que nos atañe, el Artículo 3 (a)(6) de la Ley núm. 118, *supra*, 4 LPRA sec. 1503, establece que, "[p]ara determinar si concede o no la libertad bajo palabra, la Junta tendrá ante sí toda la información posible sobre el historial social, médico, ocupacional y delictivo de cada confinado, incluyendo la actitud de

la comunidad respecto a la liberación condicional del sujeto, y una evaluación que deberá someter la Administración de Corrección".

Por su parte, en cuanto al proceso de concesión del privilegio de libertad bajo palabra, esta ley establece que:

> Una persona recluida en una institución carcelaria en Puerto Rico o en cualquier Programa de Desvío que cumpla con los requisitos establecidos por la Junta mediante reglamento o en esta ley, que muestre un alto grado de rehabilitación y que no represente un riesgo a la sociedad, podrá solicitar formalmente el privilegio de libertad bajo palabra dentro de la jurisdicción de la Junta mediante los mecanismos que disponga la misma, igualmente mediante reglamento. La solicitud por parte de la persona recluida conllevará el consentimiento de esta para que la Junta pueda revisar y obtener copia de todos los expedientes sobre dicha persona en poder de la Administración de Corrección, a fin de que pueda ser considerada para la concesión de los privilegios contemplados en esta Ley. 4 LPRA sec. 1503c.

Ahora bien, "el beneficio de la libertad bajo palabra no es un derecho reclamable, sino un privilegio cuya concesión y administración recae en el tribunal o en la Junta". *Quiles v. Del Valle*, 167 DPR 458, 475 (2006). El mencionado privilegio será concedido siempre y cuando el convicto "**muestre un alto grado de rehabilitación** y que no represente un riesgo a la sociedad". Artículo 3(c) de la Ley núm. 118, *supra*, 4 LPRA sec. 1503c.[5] Por consiguiente, la Junta **posee discreción** para decretar la libertad bajo palabra de cualquier persona recluida en las instituciones penales de Puerto Rico, siempre que no se trate de los delitos excluidos de dicho beneficio, y que la persona haya cumplido el término mínimo de la sentencia dispuesto por dicha ley. Artículo 3 de la núm. 118, *supra, supra*; *Toro Ruiz v. J.L.B.P. y otros,* 134 DPR 161, a la pág. 166 (1993). Así, por tratarse de un privilegio, la Junta tendrá facultad para concederlo, tomando en consideración ciertos factores que establece dicha ley en su Artículo 3(d), *supra*, 4 LPRA

---

[5] Énfasis nuestro.

sec. 1503d. Entre los factores a considerarse por la Junta se enumeran los siguientes:

1) **naturaleza y circunstancias del delito o delitos por los cuales cumple la sentencia**;
2) veces que el confinado haya sido convicto y sentenciado;
3) relación de liquidación de la sentencia o sentencias que cumple el confinado;
4) **totalidad del expediente penal y social e informes médicos, completados por cualquier profesional de la salud mental, que existan sobre el confinado**;
5) historial del ajuste institucional y del historial social y psicológico del confinado preparado por el Departamento de Corrección y Rehabilitación y el historial médico y psiquiátrico preparado por Salud Correccional del Departamento de Salud;
6) edad del confinado;
7) tratamientos para condiciones de salud que reciba o haya recibido el confinado;
8) opinión de la víctima;
9) planes de estudio, adiestramiento vocacional o estudio y trabajo del confinado;
10) lugar en el que piensa residir el confinado y actitud de dicha comunidad, de serle concedida la libertad bajo palabra; y
11) cualquier otra consideración meritoria que la Junta de Libertad Bajo Palabra haya dispuesto mediante reglamento. (Énfasis nuestro)

Por ende, denegar el beneficio de libertad a prueba a un confinado de forma arbitraria, o revocarle la libertad bajo palabra sin garantizarle el debido proceso de ley, constituye una interferencia o privación de un interés libertario, lo que justifica la intervención judicial oportuna para corregir el agravio. *Vázquez v. Caraballo*, 114 DPR 272, 279 (1983); *Martínez Torres v. Amaro Pérez*, 116 DPR 717, 726-727 (1985). Ahora bien, en el ejercicio de la discreción que la ley le concede a la Junta, es esta la entidad facultada para decidir si concede o revoca el referido beneficio de libertad condicional a un confinado. Este foro no ha de invadir esa autoridad salvo que haya en el expediente indicios de arbitrariedad o irrazonabilidad.

**Reglamento de la Junta de Libertad Bajo Palabra, Reglamento Núm. 9232 de 18 de noviembre de 2020**

El Reglamento de la Junta de Libertad Bajo Palabra, Reglamento Núm. 9232 de 18 de noviembre de 2020 (Reglamento

Núm. 9232) establece las reglas procesales y sustantivas que gobiernan las funciones adjudicativas del mencionado organismo administrativo. A su vez, este incorpora las disposiciones de la LPAUG. Además, el mencionado reglamento cimenta los criterios de elegibilidad para beneficiarse del privilegio de libertad bajo palabra.

La Sección 9.1 (A) del Artículo IX del Reglamento Núm. 9232 expresa que, "[s]e entenderá solicitado formalmente el privilegio de libertad bajo palabra mediante el recibo del referido que a tales efectos remita el Departamento de Corrección y Rehabilitación o a solicitud por escrito del peticionario". Del mismo modo el inciso (B) del previo apartado señala que, "[e]l referido del caso a la Junta conlleva el consentimiento del peticionario para que la Junta pueda revisar y obtener copia de todos sus expedientes en poder del Departamento de Corrección y Rehabilitación, a los fines de poder ser evaluado por la Junta".

En lo pertinente, el Reglamento 9232, en el inciso (B) (7) de la Sección 10.1 del Artículo X, establece los criterios de elegibilidad que la Junta tomará en consideración. A continuación, consignamos los relevantes al recurso de epígrafe:

> A. La Junta evaluará las solicitudes del privilegio, caso a caso, conforme al grado de rehabilitación y ajuste que presente el peticionario durante el término que ha estado en reclusión.
> B. Al evaluar los casos, la Junta tomará en consideración los siguientes criterios con relación al peticionario:
>> 1. **Historial delictivo**
>>> a. La totalidad del expediente penal.
>>> b. …
>>> c. …
>>> d. **Naturaleza y circunstancias del delito**, por el cual cumple sentencia, incluyendo el grado de fuerza o violencia utilizado en la comisión del delito. […]
>> 2. …
>> 3. …
>> 4. La edad del peticionario.
>> 5. **La opinión de la víctima**.
>>> a. La opinión de la víctima constituye un factor a ser considerado por la Junta, **pero la determinación sobre el grado de rehabilitación de un peticionario y si está capacitado para continuar cumpliendo su**

**sentencia en la libre comunidad es prerrogativa de la Junta**.

6. El historial social

a. Se tomará en consideración la totalidad del expediente social.

b Si anteriormente ha estado en libertad bajo palabra, libertad a prueba o cualquier otro programa de desvío, [...]

7. Si cuenta con un plan de salida estructurado y viable en las áreas de oferta de empleo y/o estudio, residencia y amigo consejero.

a. ...

b. ...

c. ...

d. **Oferta de empleo y/o estudio**.

i. Todo peticionario deberá proveer una oferta de empleo o, en la alternativa, un plan estudios adiestramiento vocacional o estudio y trabajo.

ii. La oferta de empleo se presentará mediante carta suscrita por la persona que extiende la oferta de empleo al peticionario, incluyendo la siguiente información: [...]

iii. ...

iv. La falta de oferta de empleo o estudio no será razón suficiente para denegar el privilegio.

v. ...

e. Residencia [...]

f. Amigo Consejero [...]

8. Historial de salud

a. Se tomarán en consideración **todos los informes emitidos por cualquier profesional de la salud mental**, que formen parte del historial psicológico preparado por el Departamento de Corrección y Rehabilitación y/o el historial psiquiátrico preparado por Salud Correccional, según apliquen. [...]

9. **Si se registró en el Registro de Personas Convictas por Delitos Sexuales y Abuso contra Menores**, en aquellos casos en que el peticionario cumpla sentencia por alguno de los delitos identificados en el Artículo 3 de la Ley Núm. 266 de 9 de septiembre de 2004, según enmendada.

10. ...

11. ...

12. La Junta **tendrá discreción** para considerar los mencionados criterios **según considere conveniente y cualquier otro meritorio con relación a la rehabilitación del peticionado y al mejor interés de la sociedad**. [Énfasis nuestro]

A su vez, la Sección 12.3 inciso (B) del Reglamento Núm. 9232, dispone, en cuanto a las determinaciones sobre libertad bajo palabra que, "[c]uando la Junta deniegue la libertad bajo palabra, expresará individualmente en su resolución las determinaciones de hechos y conclusiones de derecho que fundamentan dicha

determinación, así como indicará fecha (mes y año) en que volverá a considerar el caso".

**III.**

El recurrente señaló que la Junta abusó de su discreción y llegó a conclusiones irrazonables al denegarle el privilegio de libertad bajo palabra. En esencia, adujo que la Junta erró al concluir que este no acepta su responsabilidad, lo cual, a su entender, es contrario a lo consignado en su evaluación psicológica. Señaló, además, que la Junta no puede, por medios indirectos, excluir al recurrente por el solo hecho de haber sido condenado a cumplir 15 años por haber cometido delitos de naturaleza sexual contra una menor. En fin, arguyó que la Junta abusó de su discreción al tomar en consideración hechos irrelevantes e inmateriales para concluir que no procede el privilegio.

De entrada, se hace necesario puntualizar que el beneficio de la libertad bajo palabra **es un privilegio**, **no un derecho**. Precisamente, por esta razón la Junta puede concederla o denegarla, tomando en consideración ciertos factores. Como consignamos, tanto la Ley núm. 118 como el Reglamento Núm. 9232 disponen un sinnúmero de criterios a considerarse como, por ejemplo, la naturaleza y circunstancias de los delitos por los cuales cumple; informes médicos; **historial del ajuste institucional**; la opinión de la víctima; si existe un plan de salida estructurado y si cuenta con oferta de empleo, entre otros.

De la *Resolución* recurrida surge que la Junta tomó en consideración los factores que favorecieron al recurrente; así como los que no. Por su importancia los desglosamos a continuación:[6]

A.  Factores positivos:

- Se encuentra en custodia mínima,
- Estudia barbería en la institución correccional,

---

[6] Véase, Apéndice del Recurso, Anejo 1.

- Posee bachillerato en administración de empresas,
- Experiencias previas en diversos oficios,
- No cuenta con casos pendientes ni querellas administrativas,
- Completó sus tratamientos de drogas y alcohol; *Control de Impulsos*; y el *Programa de Aprendiendo a Vivir sin violencia*, y
- El plan de salida, el hogar y el amigo consejero propuestos fueron corroborados.

B. Factores que no le favorecieron:

- En la reevaluación psicológica del SPEA y en el FE-1-1, se hace constar que el recurrente no acepta su responsabilidad penal sobre los delitos imputados y justifica que las relaciones sexuales con la menor perjudicada fueron consentidas. De igual modo, cambia la edad de la perjudicada de 11 a 13 años, para minimizar la gravedad del delito.
- Conforme a la evaluación psicológica, el recurrente requiere seguimiento terapéutico individualizado y, necesitaría supervisión intensa y rigurosa de su técnico de servicios sociopenales, si estuviera en la libre comunidad.
- Lo anterior, demuestra que el peticionario no ha demostrado un grado de introspección y arrepentimiento genuino ante la gravedad del delito cometido para reinsertarse a la libre comunidad.
- El recurrente no se ha beneficiado de ningún pase en la libre comunidad y tampoco consta haber sido incluido en el Registro de Ofensores Sexuales.
- El recurrente tiene hijos menores de edad y dos de ellos con la hermana de la parte perjudicada, lo cual es un factor de riesgo considerado, con relación a la zona de exclusión.
- Se tomó en consideración la opinión de la víctima y sus familiares.
- La oferta de empleo no es viable según la investigación del Programa de Comunidad de Norte Central, pues el negocio de fotografía esta inoperante, tiene equipo en desuso y no tiene clientes.

En una apretada síntesis, el recurrente plantea que la Junta sopesó los factores negativos sobre los positivos por el hecho de que los delitos por los cuales cumple su sentencia son de naturaleza sexual. Sin embargo, luego de examinado el Apéndice del Recurso, el cual contiene la copia del expediente administrativo, resolvemos que no le asiste la razón al recurrente. Entendemos que, dentro de la discreción que posee la Junta para conceder el privilegio, su determinación fue razonable y, por tanto, no debe ser revocada. Coincidimos con la agencia en cuanto a que, en ese ejercicio de

ponderar los factores que favorecen y los que afectan la concesión del privilegio, el balance se inclina en favor de aquellos factores negativos que no promueven la concesión de la libertad bajo palabra. Nos explicamos.

Aunque el señor Guerra Guzmán posee un plan de salida corroborado, la realidad es que la "oferta de empleo" que presentó fue considerada como *no viable,* ya que el negocio de fotografía **no está operando**.[7] Lo cual corroboró el recurrente al señalar en el recurso ante nuestra consideración que el negocio comenzará a operar una vez él se encuentre en la libre comunidad.[8] Recordemos que aunque el Reglamento Núm. 9232 establece que la falta de oferta de empleo no es razón suficiente para denegar el privilegio,[9] **ese no fue el único factor** que consideró la Junta.

Por otro lado, el recurrente arguye que la Junta se equivocó al concluir que él no está arrepentido de su acto. Nos indica que de la prueba presentada surge que ha reconocido que fue un *error* y que las relaciones sexuales con la menor ***fueron consentidas***. Sin embargo, en el *Informe de Evaluación Psicológica* surge como factores de riesgo: (1) el uso de sustancias controladas y alcohol, y (2) **que niega la comisión de los delitos imputados**.[10] Al respecto, destacamos que el documento intitulado *Informe para Posible Libertad bajo Palabra* (Formulario FE-I-1) del 6 de febrero de 2023, contiene un acápite para consignar la *versión del delito* por parte del confinado. Allí, el recurrente indicó que "sostuvo relaciones sexuales con su cuñada de 13 años con el consentimiento de ella". Asimismo, la Técnico de Servicios Sociopenales, Sra. Catherine Román Meléndez, consignó en el acápite intitulado *Actitud del confinado hacia el delito cometido* que este **no acepta su responsabilidad en**

---

[7] Véase el Informe de Libertad Bajo Palabra del 11 de octubre de 2023. Apéndice del Recurso, Anejo 4.
[8] Véase el escrito de Revisión Judicial, a las págs. 28-29.
[9] Véase la Sec. 10.1 inciso 7(d)(iv) del Reglamento Núm. 9232, *supra.*
[10] Véase el Apéndice del Recurso, Anejo 6.

**el delito** y "**lo justifica diciendo que la niña quería tener relaciones sexuales con él y que no tenía 11 años sino 13 años**". (Énfasis nuestro). Además, la Técnico de Servicios Sociopenales, anotó que este alegó que la "relación" duró un año y que "[l]a niña sentía cargos de conciencia y se lo contó a su maestro y en la escuela llamaron a la Policía."[11] Una vez más, en dicho informe se concluye que **este no acepta su responsabilidad penal**. Por tanto, resulta forzoso concluir que el señor Guerra Guzmán aún no comprende su comportamiento delictivo.

Al respecto, destacamos que la Ley núm. 118, *supra*, diáfanamente estatuye que en la concesión del privilegio la Junta tomará en consideración el alto grado de rehabilitación que demuestre el solicitante. Lo que evidentemente no se ha demostrado. Recalcamos que, de los antedichos informes, surge que el señor Guerra Guzmán necesita internalizar elementos importantes sobre el alcance de sus actos contrarios a la ley y a la moral. En este sentido, tiene que entender y aceptar que nuestro ordenamiento jurídico penal, por el cual fue convicto, tipifica como conducta delictiva los actos lascivos o conducta sexual contra un(a) menor de 16 años de edad,[12] **toda vez que esta no tiene la capacidad de consentir**.

La Dra. Dora Nevarez-Muñiz comenta lo siguiente: "No es pertinente si la persona prestó el consentimiento al acto sexual, puesto que, por razón de su inmadurez sicofisiológica, el ordenamiento jurídico no le reconoce capacidad para prestar su consentimiento. En esta modalidad no se requiere violencia y, por lo general, hay el consentimiento viciado del menor. [citas omitidas]."[13] Por lo que, pasados diez (10) años de la comisión de los delitos, el

---

[11] *Íd.*, Anejo 7.

[12] Véase el Artículo 133 del Código Penal de 2012 (Ley núm. 146), 33 LPRA Sec. 5194.

[13] Véase, Nevarez-Muñiz, *Código Penal de Puerto Rico*, 4ta ed. rev., San Juan, PR, Inst. para el Desarrollo del Derecho, Inc., 2019, a la pág. 215.

hecho de continuar con el convencimiento de que las relaciones sexuales con la menor de edad fueron consentidas e intentar minimizar la gravedad del delito (aumentando la edad de la víctima) en nada abona a su proceso de rehabilitación, ni menos al **ajuste social indispensable** para que se entienda que no representa un peligro a la sociedad. Como bien señala la parte recurrida en su alegato en oposición, "a pesar de que el recurrente cuenta con varios ajustes como parte de su plan institucional, ello no cumple con varios de los criterios esenciales para ser acreedor de la libertad bajo palabra."[14]

En consecuencia, somos del criterio que la Junta, al denegar el privilegio, actuó adecuadamente al considerar de manera meritoria el grado de rehabilitación del señor Guerra Guzmán y el mejor bienestar de la sociedad. Además, relativo a lo anterior, es menester añadir que, en el *Informe de Evaluación Psicológica*, la Dra. Legna M. Ortega Medina, consignó la necesidad de ofrecer un "seguimiento terapéutico individualizado con el propósito de fortalecer sus destrezas interpersonales, toma de decisiones, **juicio social y promover de forma saludable su reinserción en la libre comunidad**."[15]

En virtud de lo antedicho, y como destacamos en el derecho precedente, la determinación de la Junta está investida de una presunción de legalidad y corrección. Ante la gran deferencia que merecen sus decisiones, nuestra revisión judicial se limita a determinar si dicha agencia actuó de forma arbitraria, ilegal, o tan irrazonable que implique abuso de discreción.

Así pues, y luego de haber evaluado minuciosamente el expediente, reiteramos que la determinación de la Junta fue una razonable y conforme a su reglamento. Por lo que, nuevamente

---

[14] Véase *el Escrito en Cumplimiento de Resolución,* a la pág. 27.
[15] *Íd.,* Anejo 7. Énfasis nuestro.

apuntalamos que no vemos razón alguna para descartar otorgarle deferencia a su decisión administrativa, ni menos existe base para sustituir el proceso decisional administrativo.

En fin, los errores señalados por el recurrente no se cometieron.

Por último, exhortamos a la Técnico de Servicios Sociopenales del señor Guerra Guzmán a dar cumplimiento a lo recomendado por la Dra. Legna M. Ortega Medina, en el mencionado *Informe de Evaluación Psicológica.* A su vez, invitamos al recurrente a mantener los factores positivos y continuar con su proceso de rehabilitación según previamente advertimos.

## IV.

Por los fundamentos antes expuestos, se confirma el dictamen recurrido.

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones